*839 OPINION.
Lansdon:
The taxpayer uses a formula for computing depreciation that it has employed since 1907 and that has been accepted, in principle, by the Commissioner during all that time. It is disclosed by the evidence that the taxpayer and the Commissioner agree on the rule for computing depreciation but disagree as to the proper rate fpr the years 1918, 1919, and 1920.
The evidence adduced at the hearing convinced the Board that the taxpayer suffered very heavy losses from breakage and wastage of bottles and cases during the years that Camp McClellan, a training camp of the United States Army during the World War, was maintained near the City of Anniston, and that there was a substantial increase in the cost of such bottles and cases purchased during that period. The Board, therefore, holds that the depreciation formula of 10 cents a case was reasonable for 1918 and should be allowed.
The arniistice became effective on November 11, 1918, and the population of Army camps began to decrease quite rapidly immediately thereafter. The average number of soldiers in garrison-during 1919 was small as compared with 1917 and 1918, and the camp had been practically abandoned before the beginning of 1920. The principal reason pleaded by the taxpayer for increasing its depreciation rate during 1917 and 1918 has little weight for 1919, and none thereafter. The Board holds that the Commissioner’s allowance for depreciation at 5 cents a case of product sold for the years 1919 and 1920 is correct.
The Board is of the opinion that the Commissioner erred in disallowing any part of the bonus payments made by the taxpayer to its general manager during the years in question. Such payments are usual and entirely regular. In this case the amount was reasonable and was authorized by a contract between the parties concerned.